## Case No. 18,237.

### BILLINGSLEY v. BELL.

[Hempst. 24.] [1]

Superior Court, Territory of Arkansas. Oct., 1824.

APPEALS—NOTICE.

If the appeal is prayed on the day of trial, notice is unnecessary, and the appeal bond may be given at any time within ten days.

Appeal from Crawford circuit court.

[Suit by Robert Bell against James Billingsley.]

Before JOHNSON, SCOTT, and TRIMBLE, JJ.

OPINION OF THE COURT. This was a suit originally brought by Bell against Billingsley, before a justice of the peace, who rendered judgment for Bell, and from which Billingsley, on the day of trial, prayed an appeal to the Crawford circuit court, which was granted, and a transcript of the proceedings sent up to that court. Upon the calling of the cause, Bell moved to dismiss the appeal, and this motion was sustained.

From the bill of exceptions, it is apparent

———

[1] [Reported by John A. Hayward, Esq., and Geo. C. Hazleton, Esq.]

[1] [Reported by Samuel H. Hempstead, Esq.]

that the court acted under a misapprehension of the fact that an appeal had been prayed by Billingsley on the day of trial. Such being the fact, the court erred, for the law is express that notice to the opposite party need only be given where the appeal is not prayed on the day of trial. Geyer's Dig. 391. It has been said that, as the appeal bond was not entered into on the day of trial, the appellant could give bond within ten days. This is true, and as the bond in this instance was executed in that time, it is sufficient. Geyer's Dig. 390. Reversed.